IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| QUIVER ENTERTAINMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| LUKEN COMMUNICATIONS, LLC, ) | JURY TRIAL DEMANDED |
| GET AFTER IT MEDIA INC., JOEL ) | |
| WERTMAN, LOU DELUSTRO, ) | |
| and TERRI COYLE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Quiver Entertainment, Inc., ("Plaintiff" or the "Quiver Entertainment") by and through counsel, files this Complaint against Luken Communications, LLC ("Luken"), Get After It Media, Inc. ("GAIM"), Joel Wertman ("Wertman"), Lou DeLustro ("DeLustro"), and Terri Coyle ("Coyle") (collectively "Defendants") and states as follows:

### THE PARTIES

1. Plaintiff Quiver Entertainment, Inc. is a corporation organized under the laws of the providence of Ontario, with a principal place of business at 41 Annesley Ave., Toronto, Ontario, M4G2T5, Canada.

2. Defendant Luken Communications, LLC is a limited liability company organized under the state of Tennessee. Its principal place of business is 225 E 8th Street, Suite 100, Chattanooga, Tennessee 37402. Upon information and belief, one or more of its members are citizens and residents of the state of Tennessee. It can be served through its registered agent,

William Horton at 735 Broad Street, Suite 306, Chattanooga, Tennessee 37402. Upon information and belief, Luken frequently does business under the assumed name Reach High Media Group.

3. Defendant Get After It Media, Inc. is a corporation organized under the laws of the state of Tennessee. Its principal place of business is 225 East 8th Street, Suite 500, Chattanooga, Tennessee 37402. It can be served through its registered agent, Carol Ballard at 735 Broad Street, Suite 306, Chattanooga, Tennessee 37402.

4. Defendant Joel Wertman is, upon information and belief, a citizen of the state of Tennessee and a resident of Hamilton County, Tennessee.

5. Defendant Lou DeLustro is, upon information and belief, a citizen of the state of Tennessee and a resident of Hamilton County, Tennessee.

6. Defendant Terri Coyle is, upon information and belief, a citizen of the state of Tennessee and a resident of Hamilton County, Tennessee.

**JURISDICTION AND VENUE**

7. The Court has personal jurisdiction over Defendants because Defendants have sufficient contacts with this forum such that they have purposefully availed themselves of the privilege of conducting activities within this state, including a substantial part of the activities that give rise to Plaintiff's causes of action, all of which were targeted to this forum state.

8. The Court has subject matter jurisdiction over this action because it arises under the laws of the United States pursuant to 28 U.S.C. § 1331. The Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the plaintiffs and defendants and the amount in controversy exceeds $75,000. The Court additionally has subject matter jurisdiction over the state law claims asserted herein pursuant to the doctrines of pendent

and supplemental jurisdiction, *see* 28 U.S.C. § 1367, as such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because at least one defendant resides in this judicial district and all defendants are, upon information and belief, residents of the state of Tennessee. Venue is further proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**FACTUAL BACKGROUND**

10. Quiver Entertainment is a film and television distribution company operating in the U.S., Canada and international markets which acquires and distributes high-quality, talent-driven films, series and special interest content. Founded by entertainment industry veterans Berry Meyerowitz and Jeff Sackman, Quiver Entertainment focuses on curating a highly selective film and television slate from both established and emerging talent.

11. In May 2020 it announced its acquisition of the Kew Media Library, (the "Library") from Kew Media International Limited, ("Kew"), consisting of more than 1,000 media titles in various films, series, miniseries, pilots, specials, documentaries, and animated programming.

12. Pertinent to this case, this acquisition included multiple seasons of the television shows *Republic of Doyle*, *ReGenesis*, and *Moving On*.

13. Prior to this acquisition, Kew had been in the business of administering and distributing this catalog to third parties. This involved licensing various works in its catalog to television stations, streaming services, and other media companies.

14. As a result of this acquisition, Quiver became the successor-in-interest and licensor of these works, and pursuant to the terms of each relevant agreement, it became entitled to payment on any and all accounts owing to Kew under the license agreements related to the Library.

15. The dispute in this case stems from Defendants' failure to pay Quiver pursuant to these the terms of these license agreements and from Defendants' continued exploitation of works after the expiration of the relevant license, which constitutes copyright infringement.

I. **The *Republic of Doyle* License & Breach.**

16. On December 31, 2017, Kew, as Quiver Entertainment's predecessor-in-interest, entered into a license agreement with Luken for non-exclusive broadcast rights to the television series *Republic of Doyle*. A true and accurate copy of the *Republic of Doyle* license, as amended, is attached hereto as **Exhibit A** (the "*Republic of Doyle* License").

17. In the original *Republic of Doyle* License, Kew licensed to Luken the non-exclusive rights to air seventy-seven (77) episodes of that series at a price of One Thousand Dollars ($1,000.00) per episode. (*See* Ex. A, pp. 1-2).

18. The total License Fee of Seventy-Seven Thousand Dollars ($77,000.00) was originally to be paid in three installments, each on or before March 1, 2018, July 1, 2018, and November 1, 2018. (*Id.*, p. 2).

19. This amount was actually paid by Luken to Kew prior to Quiver Entertainment's acquisition of the Library.

20. The *Republic of Doyle* License was originally set to expire on March 31, 2021. (*See id.*, p. 1).

21. On November 20, 2019, the parties amended the *Republic of Doyle* License to extend its term until December 31, 2022, to grant Luken a non-exclusive license of subscription

video-on-demand in the Territory, and to increase the licensing fee to an additional One Thousand Three Hundred Dollars ($1,300.00) per episode. (*See id.*, p. 4).

22. The new total License Fee under the amended *Republic of Doyle* License was One Hundred Thousand and One Hundred Dollars ($100,100.00), and was to be paid in three installments, each on or before March 1, 2020, July 1, 2020, and November 1, 2020. (*Id.*, p. 4).

23. Kew, and later Quiver Entertainment, complied with their obligations under the *Republic of Doyle* License agreement and provided the relevant content to Luken for the term of that agreement.

24. As set forth in the amendment to the *Republic of Doyle* License, Luken confirmed full delivery of the *Republic of Doyle* television series and that it did not require any further materials from Kew or Quiver Entertainment. (*See id.*, p. 4).

25. On the other hand, Luken has breached the *Republic of Doyle* License by, *inter alia*, failing to pay Quiver Entertainment any of the three installment payments required by the amendment to the *Republic of Doyle* License—a total of $100,100.00.

26. Despite Quiver Entertainment's repeated demands for payment, Luken has refused to comply with its obligations under the *Republic of Doyle* License.

27. As discussed below, Defendants continue to exploit the seventy-seven (77) episodes which are the subject matter of the *Republic of Doyle* License despite Luken's failure to pay and despite the expiration of that agreement.

**II.    The *ReGenesis* License & Breach.**

28. On December 31, 2017, Kew, as Quiver Entertainment's predecessor-in-interest, also entered into a license agreement with Luken for non-exclusive broadcast rights to the

television series *ReGenesis*. A true and accurate copy of the *ReGenesis* license is attached hereto as **Exhibit B** (the "*ReGenesis* License").

29. In the *ReGenesis* License, Kew licensed to Luken the non-exclusive rights to air fifty-two (52) episodes of that series at a price of One Thousand Dollars ($1,000.00) per episode. (*See* Ex. A, pp. 1-2).

30. The total License Fee of Fifty-Two Thousand Dollars ($52,000.00) was to be paid in three installments, each on or before April 15, 2018, August 15, 2018, and December 15, 2018. (*Id.*, p. 2).

31. With respect to the *ReGenesis* Agreement, Kew was acting as an agent for the underlying licensor (Shaftesbury Sales Company, Inc."), and as set forth in the license, Kew was entitled to twenty percent (20%) of the total License Fee, or Ten Thousand Four Hundred Dollars ($10,400.00). (*See id.*).

32. The *ReGenesis* License expired on May 31, 2021. (*See id.*, p. 1).

33. Kew, and later Quiver Entertainment, complied with their obligations under the *ReGenesis* License agreement and provided the relevant content to Luken for the term of that agreement.

34. On the other hand, Luken has breached the *ReGenesis* License by, *inter alia*, failing to pay Quiver Entertainment twenty percent (20%) of the total License Fee—a total of $10,400.00.

35. Despite Quiver Entertainment's repeated demands for payment, Luken has refused to comply with its obligations under the *ReGenesis* License.

   III.  **The *Moving On* License & Breach.**

36. On December 31, 2019, Kew, as Quiver Entertainment's predecessor-in-interest, entered into a third license agreement with Luken (who had now rebranded as Reach High Media

6 of 14

Case 1:23-cv-00026-SKL     Document 1     Filed 02/03/23     Page 6 of 14     PageID #: 6

Group) for non-exclusive broadcast rights to the television series *Moving On*. A true and accurate copy of the *Moving On* license is attached hereto as **Exhibit C** (the "*Moving On* License").

37. In the *Moving On* License, Kew licensed to Luken the non-exclusive rights to air forty-five (45) episodes of that series at a price of Five Hundred Dollars ($500.00) per episode. (*See* Ex. C, pp. 1-2).

38. The total License Fee of Twenty-Two Thousand Five Hundred Dollars ($22,500.00) was to be paid in three installments, each on or before March 1, 2020, July 1, 2020, and November 1, 2020. (*Id.*, p. 2).

39. The *Moving On* License is set to expire on March 31, 2023. (*See id.*, p. 1).

40. Kew, and later Quiver Entertainment, have complied, and continue to comply with their obligations under the *Moving On* License agreement and provided the relevant content to Luken for the term of that agreement.

41. On the other hand, Luken has breached the *Moving On* License by, *inter alia*, failing to pay Quiver Entertainment as required by the *Moving On* License—a total of $22,500.00.

42. Despite Quiver Entertainment's repeated demands for payment, Luken has refused to comply with its obligations under the *Moving On* License.

**IV. Infringement of the Copyrights.**

43. When Quiver entertainment acquired Kew's catalog of works in the Library, it acquired the underlying copyrights to the seventy-seven (77) episodes which are the subject matter of the *Republic of Doyle* License, as amended.

44. Quiver entertainment is the owner of these copyrights, which have been registered with the United States Copyright Office.

45. The *Republic of Doyle* License, granting Luken the rights on a non-exclusive basis to air these episodes, expired on December 31, 2022. (*See* Ex. A, p. 4).

46. Despite this expiration, and despite Luken's nonpayment, Defendants continue to exploit the series which are subject to the foregoing agreements.

47. Doing so without a valid and enforceable license agreement in place constitutes an infringement of Quiver Entertainment's copyrights in the works comprising these television series.

48. For example, GAIM, which is upon information and belief an affiliated entity of Luken, operates a streaming platform titled "it's real good tv".

49. As of the date of filing of this Complaint, GAIM continues to exploit the *Republic of Doyle* Copyrights on its "it's real good tv" platform[1]:



50. In addition to the foregoing, upon information and belief, Defendants Luken and GAIM operate approximately forty-nine (49) terrestrial television stations across the United States,

---

[1] As of the date of filing, the *Republic of Doyle* page on "it's real good tv" can be accessed at the following link: https://watch.itsrealgoodtv.com/details/26096.

through which Defendants may additionally be exploiting Quiver Entertainment's intellectual property without a license in place to do so.

51. Luken and GAIM continue to exploit the *Republic of Doyle* Copyrights despite the fact that the *Republic of Doyle* License has expired.

52. Quiver Entertainment has made multiple overtures to resolve its ongoing disputes with Luken and GAIM, which have been unsuccessful.

53. Each of the licenses at issue in this case were executed by Joel Wertman on behalf of Luken. Defendant Wertman is the President of GAIM, and he was the President of Luken.

54. Defendant Wertman was directly involved in the original negotiations with Kew, and—more recently—he, along with Defendants Coyle and DeLustro, was involved with Quiver Entertainment's attempts to resolve the parties' dispute.

55. During the parties' discussions, Defendants have attempted to renew the expired *Moving On* License with Quiver Entertainment (as well as secure additional new licenses from Quiver Entertainment for other content).

56. Further, Defendants Wertman and Coyle have direct knowledge of the *Republic of Doyle* License, as well as the fact that it has expired.

57. As a result of this conduct, Defendants Wertman and Coyle have materially contributed to Luken and GAIM's copyright infringement and should be found liable themselves for contributory copyright infringement.

58. Likewise, as corporate officers of Luken and GAIM, Defendants Wertman and Coyle have the ability to supervise those entities' infringing activity, and they financially profit from such activity. As a result, both Defendants Wertman and Coyle should be found liable for vicarious copyright infringement.

59. Based on the foregoing, and on Defendants' refusal to pay Quiver Entertainment or stop infringing on Quiver Entertainment's intellectual property, Plaintiff has been left with no choice but to seek the Court's intercession, and assert the following claims against Defendants:

## COUNT I – BREACH OF CONTRACT
**(as to Defendant Luken, for breach of the *Republic of Doyle* License)**

60. The allegations contained in Paragraphs 1 through 59, inclusive, are incorporated herein by reference and made a part of this Count as if fully set forth herein.

61. Luken and Quiver, as the predecessor-in-interest to Kew, have a valid and enforceable contract in the *Republic of Doyle* License.

62. Quiver Entertainment has performed all obligations required of it under the *Republic of Doyle* License.

63. Luken has breached the *Republic of Doyle License* by failing to remit payment to Quiver Entertainment as set forth in the agreement and its subsequent amendment.

64. Quiver Entertainment has been damaged by this breach in an amount to be determined at trial, but at a minimum, for the unpaid portion of the total License Fee—$100,100.00.

## COUNT II – BREACH OF CONTRACT
**(as to Defendant Luken, for breach of the *ReGenesis* License)**

65. The allegations contained in Paragraphs 1 through 64, inclusive, are incorporated herein by reference and made a part of this Count as if fully set forth herein.

66. Luken and Quiver, as the predecessor-in-interest to Kew, have a valid and enforceable contract in the *ReGenesis* License.

67. Quiver Entertainment has performed all obligations required of it under the *ReGenesis* License.

10 of 14

Case 1:23-cv-00026-SKL    Document 1    Filed 02/03/23    Page 10 of 14    PageID #: 10

68. Luken has breached the *ReGenesis* by failing to remit payment to Quiver Entertainment as set forth in the agreement and its subsequent amendment.

69. Quiver Entertainment has been damaged by this breach in an amount to be determined at trial, but at a minimum, for the unpaid portion of the total License Fee—$10,400.00.

**COUNT III – BREACH OF CONTRACT**
**(as to Defendant Luken, for breach of the *Move On* License)**

70. The allegations contained in Paragraphs 1 through 69, inclusive, are incorporated herein by reference and made a part of this Count as if fully set forth herein.

71. Luken and Quiver, as the predecessor-in-interest to Kew, have a valid and enforceable contract in the *Moving On* License.

72. Quiver Entertainment has performed all obligations required of it under the *Moving On* License.

73. Luken has breached the *Moving On License* by failing to remit payment to Quiver Entertainment as set forth in the agreement and its subsequent amendment.

74. Quiver Entertainment has been damaged by this breach in an amount to be determined at trial, but at a minimum, for the unpaid portion of the total License Fee—$22,500.00.

**COUNT IV – COPYRIGHT INFRINGEMENT**
**(as to Defendants Luken and GAIM)**

75. The allegations contained in Paragraphs 1 through 74, inclusive, are incorporated herein by reference and made a part of this Count as if fully set forth herein.

76. At all relevant times, Quiver Entertainment has owned the seventy-seven *Republic of Doyle* Copyrights.

77. The *Republic of Doyle* Copyrights are appropriately registered with the United States Copyright Office.

78. Defendants Luken and GAIM have infringed upon Quiver Entertainment's *Republic of Doyle* Copyrights by knowingly and willfully making such episodes of the *Republic of Doyle* available for streaming on the "it's real good tv" platform.

79. As set forth above, as of December 31, 2022, Defendant Luken's nonexclusive license to exploit the *Republic of Doyle* Copyrights has expired.

80. Defendants Luken and GAIM are liable for copyright infringement pursuant to 17 U.S.C. § 501.

81. As a result of Defendants Luken and GAIM's infringement, Quiver Entertainment has suffered and continue to suffer actual damages in lost profit, opportunity, and goodwill.

82. Because the *Republic of Doyle* Copyrights are registered, Quiver Entertainment is entitled to statutory damages pursuant to 17 U.S.C. § 412.

83. As further set forth above, and based on the conduct of Luken, GAIM, and their executives and officers, this copyright infringement was willful, and Quiver is entitled to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c)(2).

**COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(as to Defendants Wertman, DeLustro, and Coyle)**

84. The allegations contained in Paragraphs 1 through 83, inclusive, are incorporated herein by reference and made a part of this Count as if fully set forth herein.

85. "Contributory [copyright] occurs when one, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004).

86. As set forth above, Defendants Wertman, DeLustro, and Coyle materially contributed to Defendants Luken and GAIM's direct copyright infringement in their role as executives and officers of those entities and, while knowing that the *Republic of Doyle* License

was expired, attempting to secure further licenses from Quiver Entertainment for works in its catelog.

87. As set forth above, and because of the willful nature of this contributory infringement, Defendants Wertman and Coyle should be held liable for statutory damages in an amount of $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c)(2).

## COUNT V – VICARIOUS COPYRIGHT INFRINGEMENT
### (as to Defendants Wertman, DeLustro, and Coyle)

88. The allegations contained in Paragraphs 1 through 87, inclusive, are incorporated herein by reference and made a part of this Count as if fully set forth herein.

89. "A defendant can be held vicariously liable if he enjoys a direct financial benefit from the infringing activity and has the right and ability to supervise the infringing activity." *Bridgeport*, 376 F.3d at 621.

90. As set forth above, Defendants Wertman, DeLustro, and Coyle, as executives and officers of Luken and GAIM had the right and ability to supervise those entities infringement of the *Republic of Doyle* Copyrights, and as a result of their positions with Luken and GAIM, Defendants Wertman and Coyle enjoyed direct financial benefit as a result of these infringements.

91. As set forth above, and because of the willful nature of this infringement, Defendants Wertman and Coyle should be held liable for statutory damages in an amount of $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment of the Defendants as follows:

1. For compensatory damages from Luken for its breach of the *Republic of Doyle* License, *ReGenesis* License, and *Moving On* License in an amount to be determined at trial, but no less than $133,00.00; and

2. For statutory damages from all Defendants for willful direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement for each infringement of Quiver Entertainment's copyrights pursuant to 17 U.S.C. § 504(c); and

3. In the alternative, for Quiver Entertainment's compensatory damages from all Defendants for willful direct copyright infringement, contributory copyright infringement in an amount to be determined at trial; and

4. For its attorneys' fees and costs for bringing this action pursuant to 17 U.S.C. § 505; and

5. That Defendants be held jointly and severally liable for all damages; and

6. For the costs of this cause, and

7. For such other and further General Relief as may be appropriate.

## JURY DEMAND

Plaintiff demands a jury.

This the 3rd day of February, 2023.

Respectfully submitted,

/s Jay S. Bowen
Jay S. Bowen, TN BPR No. 2649
Shackelford Bowen McKinley & Norton, LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
Tel: (615) 329-4440
Fax: (615) 329-4485
jbowen@shackelford.law

*Attorney for Plaintiff Quiver Entertainment, Inc.*